IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

RICHARD MICHAEL COLBERT

SECOND SUPERSEDING
INDICTMENT
3:15cr36/MCR

_____/

**THE GRAND JURY CHARGES:**

## COUNT ONE

At all times material to this Indictment:

### A. INTRODUCTION

1. Michael Sean Davis ("Sean Davis") was the president of Premier Community Bank of the Emerald Coast ("Premier Community Bank"), which was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

2. Sean Davis was the manager of MSD Investments, LLC ("MSD Investments").

3. Beach Community Bank was a financial institution, the deposits of which were insured by the FDIC.

4. Defendant **RICHARD MICHAEL COLBERT,** an attorney licensed in the State of Florida, owned 49% of Beach Title Services, L.L.C. ("Beach Title"), which

Returned in open court pursuant to Rule 6(f)
Date 12/15/2015
United States Magistrate Judge

was a subsidiary of Beach Community Bank located in Fort Walton Beach, Florida. **COLBERT** operated Beach Title and served as the title agent for real-estate closings, including, but not limited to, closings involving Beach Community Bank.

5. Lawrence A. Wright was the president of Wright & Associates of Northwest Florida, Inc. ("Wright & Associates"), which was a building-construction company.

6. T.R.C. was the president of Outdoor Investments, LLC ("Outdoor Investments").

7. Countrywide Home Loans, Inc. ("Countrywide"), was a mortgage lender. In January 2008, certain assets of Countrywide, including mortgages, were acquired by Bank of America, N.A. ("Bank of America").

8. Bank of America was a financial institution, the deposits of which were insured by the FDIC.

9. The Preserve at Inlet Beach, L.L.C. ("Preserve at Inlet Beach"), was a real-estate development located in Walton County, Florida. Defendant **RICHARD MICHAEL COLBERT** was the registered agent for the Preserve at Inlet Beach.

### B. THE CHARGE

Between on or about January 1, 2006, and on or about February 1, 2011, in the Northern District of Florida and elsewhere, the defendant,

**RICHARD MICHAEL COLBERT,**

did knowingly and willfully conspire, combine, confederate, and agree with Sean Davis and other persons to commit offenses against the United States, namely:

1. to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause documents to be sent and delivered by the United States Postal Service and by any private and commercial interstate carrier, thereby affecting a financial institution, in violation of Title 18, United States Code, Section 1341; and

2. to execute and attempt to execute a scheme to obtain moneys owned by and under the custody and control of a federally insured financial institution, namely, Bank of America, Beach Community Bank, and Premier Community Bank, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(2).

## C. MANNER AND MEANS

It was part of this conspiracy that:

1. Beginning in or about January 2006, Sean Davis, L.C., and F.P. purchased three unimproved lots in Walton County from the Preserve at Inlet Beach: (a) 11 Willow Mist Road; (b) 29 Willow Mist Road; and (c) 60 Willow Mist Road. Thereafter, Sean Davis, L.C., and F.P. entered into contracts with Larry A. Wright and Wright & Associates to build houses on these properties. Sean Davis, L.C., and F.P. obtained mortgage loans from Countrywide to fund their purchases of the lots and the construction of residences on the lots by Wright and Wright & Associates.

2. Thereafter, Sean Davis, L.C., and F.P. became unable to pay their mortgages. Sean Davis then solicited T.R.C. to express interest in purchasing Sean

3

Davis's, L.C.'s, and F.P.'s respective properties in short sales, and located C.Z., H.D.P., G.S.D., and J.S.S. to obtain mortgages to purchase the properties from T.R.C. and Outdoor Investments at inflated-sale prices.

3. Thereafter, Bank of America approved short sales of Sean Davis's, L.C.'s, and F.P.'s properties to T.R.C. and Outdoor Investments at amounts substantially less than that owed to Bank of America by Sean Davis, L.C., and F.P. Defendant **RICHARD MICHAEL COLBERT** was the title agent for the short sales.

4. To facilitate the short sales, defendant **RICHARD MICHAEL COLBERT** caused to be prepared and submitted U.S. Department of Housing and Urban Development, Form HUD-1s ("HUD-1") to Bank of America that knowingly and falsely represented to Bank of America that T.R.C. and Outdoor Investments was purchasing the properties and was providing money to purchase the properties.

5. Sean Davis, as the president and director of Premier Community Bank, authorized and approved loans from Premier Community Bank for G.S.D., J.S.S., and C.Z. to purchase the properties at 29 Willow Mist Road and 60 Willow Mist Road from T.R.C. and Outdoor Investments at inflated-sale prices.

6. To allow G.S.D., J.S.S., and C.Z. to obtain mortgages to buy two properties, namely, 29 Willow Mist Road and 60 Willow Mist Road, from T.R.C. and Outdoor Investments at inflated-sale prices, defendant **RICHARD MICHAEL COLBERT** caused HUD-1s to be prepared and submitted to Premier Community Bank. In these HUD-1s, which **COLBERT** signed as settlement agent, **COLBERT** knowingly and falsely

represented to Premier Community Bank that T.R.C. and Outdoor Investments was the seller of the properties.

7. Following G.S.D. and J.S.S.'s closing on 29 Willow Mist Road, defendant **RICHARD MICHAEL COLBERT** caused approximately $317,348.02 in Premier Community Bank loan proceeds to be wire transferred to T.R.C. and Outdoor Investments.

8. Thereafter, Sean Davis directed T.R.C. to issue a check to Davis's company, MSD Investments, for approximately $297,408.02.

9. With the knowledge that Sean Davis was receiving a portion of the Premier Community Bank loan proceeds, defendant **RICHARD MICHAEL COLBERT** requested to borrow $50,000 from Davis, which Davis loaned to **COLBERT**.

10. Following C.Z.'s closing on 60 Willow Mist Road, defendant **RICHARD MICHAEL COLBERT** caused approximately $26,963.64 in Premier Community Bank loan proceeds to be wire transferred to T.R.C. and Outdoor Investments.

11. To allow C.Z. and H.D.P. to obtain loans to buy one of the properties, namely, 11 Willow Mist Road, from T.R.C. and Outdoor Investments at an inflated-sale price, defendant **RICHARD MICHAEL COLBERT** caused a HUD-1 to be prepared and submitted to Beach Community Bank. In this HUD-1, **COLBERT** knowingly and falsely represented to Beach Community Bank that Outdoor Investments was the seller of this property and that C.Z. and H.D.P were contributing $35,843.38 toward the purchase of the property.

12. Beach Community Bank approved loans for C.Z. and H.D.P. to purchase the property at 11 Willow Mist Road from T.R.C. and Outdoor Investments at the inflated-sale price.

13. Thereafter, payments were not made on the mortgage loans issued by Premier Community Bank and Beach Community Bank to C.Z., H.D.P., G.S.D., and J.S.S., and foreclosure proceedings were initiated on the three properties.

14. To help carry out the scheme, the conspirators caused documents to be sent and delivered by the United States Postal Service and by any private and commercial interstate carrier.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

### A. INTRODUCTION

The allegations contained in paragraphs A1 through A9 and C1 through C14 of Count One are incorporated by reference as if fully set forth herein.

### B. THE CHARGE

On or about March 1, 2010, in the Northern District of Florida and elsewhere, the defendant,

**RICHARD MICHAEL COLBERT,**

did knowingly make a false statement and report for the purpose of influencing Bank of America, an institution the accounts of which were insured by the FDIC; namely, the defendant and T.R.C. signed and caused to be submitted to Bank of America a HUD-1 that falsely stated that T.R.C., as managing member of Outdoor Investments, was purchasing

60 Willow Mist Road for $310,000, and that T.R.C. was contributing $310,251.99 for the purchase, whereas, in truth and in fact, as the defendant and T.R.C. well knew, T.R.C. and Outdoor Investments was not purchasing the property, nor was it contributing any funds for the purchase.

In violation of Title 18, United States Code, Sections 1014 and 2.

### COUNT THREE

#### A. INTRODUCTION

The allegations contained in paragraphs A1 through A9 and C1 through C14 of Count One are incorporated by reference as if fully set forth herein.

#### B. THE CHARGE

On or about April 19, 2010, in the Northern District of Florida and elsewhere, the defendant,

**RICHARD MICHAEL COLBERT,**

did knowingly make a false statement and report for the purpose of influencing Bank of America, an institution the accounts of which were insured by the FDIC; namely, the defendant and T.R.C. signed and caused to be submitted to Bank of America a HUD-1 that falsely stated that T.R.C., as managing member of Outdoor Investments, was purchasing 11 Willow Mist Road for $345,000, and that T.R.C. was contributing $346,761.69 for the purchase, whereas, in truth and in fact, as the defendant and T.R.C. well knew, T.R.C. and Outdoor Investments was not purchasing the property, nor was it contributing any funds for the purchase.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FOUR

### A. INTRODUCTION

The allegations contained in paragraphs A1 through A9 and C1 through C14 of Count One are incorporated by reference as if fully set forth herein.

### B. THE CHARGE

On or about April 19, 2010, in the Northern District of Florida and elsewhere, the defendant,

**RICHARD MICHAEL COLBERT,**

did knowingly make a false statement and report for the purpose of influencing Beach Community Bank, an institution the accounts of which were insured by the FDIC; namely, the defendant, T.R.C., C.Z., and H.D.P. signed and caused to be submitted to Beach Community Bank a HUD-1 that falsely stated that Outdoor Investments was selling 11 Willow Mist Road to C.Z. and H.D.P. for $450,000, and that C.Z. and H.D.P. were contributing $35,843.38 for the purchase, whereas, in truth and in fact, as the defendant and T.R.C. well knew, T.R.C. and Outdoor Investments was not selling the property, and as the defendant, C.Z., and H.D.P. well knew, C.Z. and H.D.P. were not contributing any funds for the purchase.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FIVE

### A. INTRODUCTION

The allegations contained in paragraphs A4 and A5 of Count One are incorporated by reference as if fully set forth herein.

1.  GulfSouth Private Bank ("GulfSouth") was a financial institution, the deposits of which were insured by the FDIC.

2.  Larry A. Wright was the president of Bluewater Real Estate, L.L.C. ("Bluewater Real Estate").

## B. THE CHARGE

On or about May 2, 2007, in the Northern District of Florida and elsewhere, the defendant,

**RICHARD MICHAEL COLBERT,**

did knowingly make a false statement and report for the purpose of influencing the action of GulfSouth, an institution the accounts of which were insured by the FDIC, namely:

1.  On or about October 25, 2006, Larry A. Wright, as the representative of Bluewater Real Estate, entered into an agreement to purchase from A.M. a parcel of land on Winston Lane known as Inlet Beach Lot 54. Inlet Beach Lot 54 consisted of four separate lots, known as Lots 1 through 4.

2.  On or about May 2, 2007, Larry A. Wright, as representative of Wright & Associates, and Bluewater Real Estate, purchased Lot 4 from A.M. for approximately $529,000. Defendant **RICHARD MICHAEL COLBERT** was the title agent who handled the closing on Lot 4.

3.  To purchase Lot 4, Larry A. Wright obtained a loan from GulfSouth.

4.  During the closing on or about May 2, 2007, defendant **RICHARD MICHAEL COLBERT,** as the title agent, Larry A. Wright, as the borrower, and A.M., as the seller, signed a HUD-1 (the "true HUD-1") that accurately identified the contract sales

9

price of Lot 4 as $529,000. The true HUD-1 also accurately identified the payoff amount of A.M.'s outstanding mortgage on Lot 4 as $310,000. The true HUD-1 was not submitted to GulfSouth to obtain the mortgage loan.

5. On or about the same day, May 2, 2007, defendant **RICHARD MICHAEL COLBERT**, as the title agent, and Larry A. Wright, as the borrower, signed a HUD-1 (the "false HUD-1") that falsely stated the payoff for Lot 4 was $725,000. **COLBERT** caused the false HUD-1 to be submitted to GulfSouth for Wright and Wright & Associates to obtain a mortgage loan for Lot 4 from GulfSouth in the inflated amount of approximately $1,181,250.

6. On or about May 2, 2007, GulfSouth issued a mortgage loan to Larry A. Wright.

7. As a result of the false HUD-1 being submitted to GulfSouth and the loan being issued on or about May 2, 2007, defendant **RICHARD MICHAEL COLBERT** issued a check to Wright & Associates for approximately $194,013.

In violation of Title 18, United States Code, Sections 1014 and 2.

### COUNT SIX

#### A. INTRODUCTION

The allegations contained in paragraphs A3 and A4 of Count One are incorporated by reference as if fully set forth herein.

1. On or about June 19, 2009, defendant **RICHARD MICHAEL COLBERT** opened an account ending in 9238, in the name of "Presidio Developers, LLC, by Beach

Title Services, LLC, as Escrow Agent" at Beach Community Bank ("Presidio Developers escrow account 9238"). **COLBERT** had sole signature authority on this account.

## B. THE CHARGE

On or about December 16, 2010, in the Northern District of Florida, the defendant,

### RICHARD MICHAEL COLBERT,

being an agent, employee, and connected in any capacity with Beach Community Bank, the deposits of which were then insured by the FDIC, knowingly and with the intent to defraud Beach Community Bank, did embezzle, abstract, purloin, and willfully misapply more than $1,000 in moneys, funds, and credits intrusted to the care and custody of Beach Community Bank, namely:

1. In or about 2010, Beach Community Bank was engaged in the sale of the bank-owned property known as Marbella Unit 1-B located in Destin, Florida. During the pendency of the sale, litigation was initiated between Beach Community Bank and W.G. Yates & Sons Construction Company ("Yates") regarding the sale of Marbella Unit 1-B. Rather than lose the sale of Marbella Unit 1-B, Beach Community Bank and Yates agreed to enter into an escrow agreement specifying that the proceeds from the sale would be held in escrow until conclusion of the litigation.

2. On or about November 23, 2010, Beach Community Bank, Yates, and Beach Title entered into the written escrow agreement. Defendant **RICHARD MICHAEL COLBERT** signed the escrow agreement as manager of Beach Title, which title company was named in the escrow agreement as escrow agent. The escrow agreement directed that, upon the closing of Marbella Unit 1-B, Beach Community Bank

11

would deposit the sum of $403,410.14 with Beach Title to be held in Beach Title's escrow account at Beach Community Bank. Pursuant to the escrow agreement, Beach Title was authorized to disburse the funds only in the event one of three specified events occurred. Beach Title's escrow account number 10-0029 had previously been assigned to the Marbella Unit 1-B closing.

3. Pursuant to the escrow agreement, on or about November 30, 2010, approximately $459,959.75 was wire transferred into Beach Title's escrow bank account ending in number 9718 ("Beach Title escrow account 9718"), held at Beach Community Bank.

4. On or about December 16, 2010, defendant **RICHARD MICHAEL COLBERT** embezzled, abstracted, purloined, and willfully misapplied monies intrusted to the care and custody of Beach Community Bank, by causing a check drawn on Beach Title escrow account 9718, payable to Beach Title in the amount of $403,410.14, to be deposited into Presidio Developers escrow account 9328.

5. Thereafter, defendant **RICHARD MICHAEL COLBERT** used these monies for his own personal benefit and for the benefit of others not entitled thereto.

In violation of Title 18, United States Code, Sections 656 and 2.

## COUNTS SEVEN THROUGH FIFTEEN

### A. INTRODUCTION

The allegations contained in paragraphs A3 and A4 of Count One, and paragraphs A1 and B1 through B5 of Count Six, are incorporated by reference as if fully set forth herein.

## B. THE CHARGE

On or about the dates listed below, in the Northern District of Florida, the defendant,

**RICHARD MICHAEL COLBERT,**

did knowingly engage and attempt to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, namely, the withdrawal and transfer of funds and monetary instruments in the form of checks as identified below, such property having been derived from a specified unlawful activity, namely, embezzlement and misapplication of bank funds, in violation of Title 18, United States Code, Section 656, as charged in Count Six of this Indictment.

| COUNT | DATE | PAYEE | CHECK NUMBER | AMOUNT |
|---|---|---|---|---|
| **SEVEN** | 12/17/10 | Wright & Associates | 1006 | $60,000 |
| **EIGHT** | 12/22/10 | Richard M. Colbert, P.A. | 1007 | $40,000 |
| **NINE** | 12/23/10 | Wright & Associates | 1008 | $50,000 |
| **TEN** | 12/27/10 | Wright & Associates | 1009 | $50,000 |
| **ELEVEN** | 1/11/11 | Wright & Associates | 1010 | $50,000 |
| **TWELVE** | 2/7/11 | College Investments | 1011 | $30,000 |
| **THIRTEEN** | 2/10/11 | Beach Title | 1012 | $25,000 |
| **FOURTEEN** | 2/23/11 | College Investments | 1012 | $60,000 |
| **FIFTEEN** | 3/7/11 | College Investments | 1013 | $30,000 |

In violation of Title 18, United States Code, Section 1957.

## COUNT SIXTEEN

### A. INTRODUCTION

The allegations contained in paragraphs A3 and A4 of Count One, and paragraphs A1 and B1 through B5 of Counts Seven through Fifteen, are incorporated by reference as if fully set forth herein.

### B. THE CHARGE

Between on or about September 27, 2011, and on or about October 25, 2011, in the Northern District of Florida, the defendant,

**RICHARD MICHAEL COLBERT,**

being an agent, employee, and connected in any capacity with Beach Community Bank, the deposits of which were then insured by the FDIC, knowingly and with the intent to defraud Beach Community Bank, did embezzle, abstract, purloin, and willfully misapply more than $1,000 in moneys, funds, and credits intrusted to the care and custody of Beach Community Bank, namely:

1. In or about September 2011, following defendant **RICHARD MICHAEL COLBERT**'s conduct identified in Counts Six through Fifteen, Beach Community Bank personnel asked **COLBERT** where the Marbella Unit 1-B escrow funds were located. **COLBERT** falsely informed Beach Community Bank personnel the escrow funds were being held at Compass Bank. Thereafter, on or about September 19, 2011, **COLBERT** borrowed approximately $394,000 from Hit Sum to Me, L.L.C. and W.T.S., and then

14

deposited said borrowed funds into a Compass Bank account ending in 1808 in the name of Richard M. Colbert, P.A.

2. Subsequent thereto, defendant **RICHARD MICHAEL COLBERT** caused a check for approximately $403,410.14 to be issued on Compass Bank account ending in 1808. Thereafter, **COLBERT** caused the check to be deposited into Beach Title escrow account 9718. Beach Title's escrow account number 10-0029, which had previously been assigned to the Marbella Unit 1-B closing, was written in the memo section of the check.

3. Thereafter, beginning on or about September 27, 2011, through on or about October 25, 2011, defendant **RICHARD MICHAEL COLBERT** caused checks to be issued outside of the provisions of the previously identified escrow agreement, but this time, the checks were issued out of Beach Title's escrow account 9718.

4. That is, defendant **RICHARD MICHAEL COLBERT** embezzled, abstracted, purloined, and willfully misapplied monies intrusted to the care and custody of Beach Community Bank, by causing checks totaling approximately $237,700 to be issued and made payable to Richard M. Colbert, P.A., and Beach Title. Beach Title's escrow account number 10-0029 for Marbella Unit 1-B was listed on each check. The checks **COLBERT** made payable to Beach Title designated the funds were to be transferred to unassociated Beach Title escrow accounts.

In violation of Title 18, United States Code, Sections 656 and 2.

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Sixteen of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1), 982(a)(1), and 982(a)(2), and Title 28, United States Code, Section 2461(c).

Upon the conviction of the violations alleged in Counts One through Sixteen of this Indictment, the defendant,

**RICHARD MICHAEL COLBERT,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1), 982(a)(1), and 982(a)(2), and Title 28 United States Code, Section 2461(c), any and all property, real or personal, involved in the aforementioned offenses and all property traceable to such property as a result of such violations, and any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

If any of the property described above as being subject to forfeiture pursuant to Counts One through Sixteen of the Indictment, as a result of any act or omission of any defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the property subject to forfeiture under the provisions of Title 21, United States Code, Section 853(p), which is incorporated by reference in Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

12/15/15
DATE

_____
CHRISTOPHER P. CANOVA
Acting United States Attorney

_____
TIFFANY H. EGGERS
Assistant United States Attorney