IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.** **CASE NUMBER: 3:15cr36/MCR**

**RICHARD MICHAEL COLBERT**
______________________________/

## FACTUAL BASIS FOR GUILTY PLEA

The parties agree with the truthfulness of the following factual basis for the Defendant's guilty plea. The undersigned parties further agree that not all of the facts known from this investigation are contained in this brief summary.

Beach Community Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). Beach Title Services, L.L.C. ("Beach Title Services"), was a subsidiary of Beach Community Bank located in Fort Walton Beach, Florida. The defendant operated Beach Title Services and served as the title agent for real-estate closings, including, but not limited to, closings involving Beach Community Bank.

In or about 2010, Beach Community Bank was engaged in the sale of the bank-owned property known as Marbella Unit 1-B located in Destin, Florida. During the pendency of the sale, litigation was initiated between Beach Community Bank and W.G. Yates & Sons Construction Company ("Yates") regarding the sale of Marbella Unit 1-B. Rather than lose the sale of Marbella Unit 1-B, Beach



FILED IN OPEN COURT THIS
12/7/16
CLERK, U.S. DISTRICT
COURT, NORTHERN DIST. FL.

Community Bank and Yates agreed to enter into an escrow agreement specifying that the proceeds from the sale would be held in escrow at Beach Community Bank until conclusion of the litigation.

Thereafter, a written escrow agreement was entered into between Beach Community Bank, Yates, and Beach Title Services. In the escrow agreement, Beach Title Services was to act as the escrow agent. The defendant signed the escrow agreement as manager of Beach Title Services. The escrow agreement directed that, upon the closing of Marbella Unit 1-B, Beach Community Bank would deposit the sum of $403,410.14 into Beach Title Services' escrow account at Beach Community Bank. Pursuant to the escrow agreement, the defendant was only authorized to disburse the funds in the event one of three specified events occurred. Thereafter, pursuant to the escrow agreement, on or about November 30, 2010, approximately $459,959.75 was wire transferred into Beach Title Services escrow account held at Beach Community Bank.

On or about December 16, 2010, the defendant caused a check drawn on the Beach Title Services' escrow account to be issued made payable to Beach Title Services in the amount of $403,410.14. The defendant then caused said check to be deposited into the unrelated escrow account of Presidio Developers, LLC ("Presidio Developers"). Thereafter, the defendant used said money for his own personal benefit and for the benefit of others not entitled thereto. While doing so, the

defendant the caused the nine checks identified on page 13 of the Second Superseding Indictment, totaling approximately $395,000, to be issued out of the Presidio Developers' escrow account. These checks were then deposited into various bank accounts held at Beach Community Bank and other financial institutions insured by the FDIC.

In or about September 2011, the defendant was contacted by Beach Community Bank personnel about the Marbella escrow funds. Following Beach Community Bank personnel's inquiry, on or about September 19, 2011, the defendant obtained a check for $394,000 from Hit Sum to Me, L.L.C. and W.T.S. The defendant then deposited the check for $394,000 into a Compass Bank in the name of Richard M. Colbert, P.A. Thereafter, the defendant caused a check for approximately $403,410.14 to be issued on said Compass Bank account and then deposited back into Beach Title Services escrow account at Beach Community Bank. Beach Title Service's escrow account number 10-0029, which had previously been assigned to the Marbella Unit 1-B closing, was written in the memo section of the check.

Thereafter, beginning on or about September 27, 2011, through on or about October 25, 2011, the defendant caused checks to be issued outside of the provisions of the Marbella escrow agreement directly out of the Beach Title Services' Beach Community Bank account. That is, the defendant caused checks totaling

approximately $237,700 to be issued and made payable to Richard M. Colbert, P.A., and Beach Title Services. Beach Title Service's escrow account number 10-0029 for Marbella Unit 1-B was listed on each check. The checks the defendant made payable to Beach Title Services designated the funds were to be transferred to unassociated Beach Title Services escrow accounts.

## ELEMENTS OF THE OFFENSES

**Counts Six and Sixteen** charge the Defendant with Theft, Embezzlement or Misapplication of Funds intrusted to the Financial Institution Beach Community Bank, in violation of Title 18, United States Code, Sections 656 and 2. Title 18, United States Code, Section 656 provides,

> Whoever, being an officer, director, agent or employee of, or connected in any capacity with any . . . [Financial Institution] . . . embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank, . . . or any moneys, funds, assets or securities intrusted to the custody or care of such bank . . . shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both;

To be found guilty of Title 18, United States Code, Section 656, the government must prove the following elements beyond a reasonable doubt, [1]

> (1) the Defendant was an agent, employee, or connected in any capacity with Beach Community Bank;
>
> (2) Beach Community Bank was an insured bank;

[1] The Eleventh Circuit Pattern Jury Instructions, Criminal (2016) Offense Instruction 22 identifies the elements of 18 U.S.C. 656. Element number one of the pattern instruction has been modified slightly to track the statute as discussed in footnote 2 of the government's proposed jury instructions. (Doc. 79).

(3) the Defendant knowingly and willfully embezzled or misapplied funds or credits belonging to Beach Community Bank or entrusted to Beach Community Bank's care;

(4) the Defendant intended to injure or defraud the bank; and

(5) the embezzled or misapplied funds or credits had a value greater than $1,000.

**Counts Seven through Fifteen** charge the Defendant with Money Laundering, in violation of Title 18, United States Code, Sections 1957. Title 18, United States Code, Section 1957 provides,[2]

> Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than #10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

To be found guilty of Title 18, United States Code, Section 1957, the government must prove the following elements beyond a reasonable doubt,

(1) the Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3) the property had a value of more than $10,000;

(4) the property was in fact the proceeds of embezzlement and misapplication of bank funds; and

---

[2] The Eleventh Circuit Pattern Jury Instructions, Criminal (2016) Offense Instruction 74.6 identifies the elements of 18 U.S.C. 1957.

(5) the transaction took place in the United States.

CHRISTOPHER P. CANOVA
United States Attorney

M. JAMES JENKINS
Attorney for Defendant

RICHARD MICHAEL COLBERT
Defendant

12-7-16
Date

TIFFANY H. EGGERS
Florida Bar No. 0193968
Assistant United States Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850-444-4000

12/7/16
Date