**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO: 3:15cr36/MCR**

**RICHARD MICHAEL COLBERT**
**_______________________________/**

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into, by, and between, Richard Michael Colbert, the Defendant, James Jenkins, as attorney for the Defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the Defendant.

### 2. TERMS

The parties agree to the following terms:

a. The Defendant will plead guilty to Counts One and Five of the Indictment.[1] Count One charges the Defendant with conspiracy to commit bank

[1] On December 7, 2016, the Defendant pled guilty to Counts Six through Sixteen of the Indictment. (Docs. 86 & 87).



FILED IN OPEN COURT THIS 12/9/16
C...

fraud and mail fraud affecting a financial institution, in violation of Title 18, United States Code, Sections 1341, 1344(2), and 1349. Count Five charges the defendant with false statement to a financial institution, in violation of Title 18, United States Code, Sections 1014 and 2. At the time of sentencing, the government will move to dismiss Counts Two, Three, and Four.

For Counts One and Five, the Defendant faces up to thirty years in prison on each count, five years supervised release on each count, up to a $1,000,000 fine on each count, restitution on each count, forfeiture on each count, and a $100 special monetary assessment on each count. The Defendant agrees to pay the $200 special monetary assessment, due for these counts, in addition to the $1,100 owed for Counts Six through Sixteen on or before the date of sentencing.

If the Defendant is unable to pay the special assessment prior to sentencing due to indigence, the Defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the Defendant is subject includes the forfeiture of all forfeitable assets.

b. That by voluntarily pleading guilty to Counts One and Five of the Indictment, the Defendant knowingly waives and gives up constitutional rights which attend a Defendant on trial in a criminal case. These constitutional rights

include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

c. The Defendant is pleading guilty because the Defendant is in fact guilty of the charges alleged in Counts One and Five of the Indictment. In pleading guilty, the Defendant acknowledges that were this case to go to trial, the government would present evidence to support these charges beyond a reasonable doubt.

d. Upon the District Court's adjudication of guilt of the Defendant for these charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the Defendant arising out of the same transactions or occurrences to which the Defendant has pled. Defendant agrees that substantial evidence exists to support the charges.

e. Nothing in this agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this agreement.

f. If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation.

g. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the Defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offenses.

h. Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offenses committed by the Defendant. The United States Attorney further reserves the right to correct any misstatements by the Defendant or Defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a), including sentencing recommendations, and whether departure upward or downward is appropriate.

## 3. SENTENCING

a. The Defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b. The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the Defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

## 4. VICTIM RESTITUTION

The Defendant agrees to make full restitution to the victim(s) as determined by the Court. The victim(s) include, but are not limited to Bank of America, Beach Community Bank, the FDIC as Receiver for Premier Community Bank, the FDIC as Receiver for GulfSouth Private Bank, and any insurance company for which a bond claim was submitted as a result of the defendant's conduct. The defendant agrees that the amount of restitution may include losses resulting from related

conduct for which the defendant was not convicted, if the loss flowed directly from the relevant conduct of which the defendant was a part.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the Defendant agrees to cooperate with the United States Attorney. The parties agree to the Supplement to Plea Agreement entered in this case.

The Defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

M. JAMES JENKINS
Attorney for Defendant

RICHARD MICHAEL COLBERT
Defendant

12-9-16
Date

CHRISTOPHER P. CANOVA
United States Attorney

TIFFANY H. EGGERS
Florida Bar No. 0193968
Assistant United States Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850-444-4000

12/9/16
Date